Emery v. Woods Industries, et al.    CV-98-480-M   11/09/01
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


John Emery,
     Plaintiff

     v.                                      Civil No. 98-480-M
                                             Opinion No. 2001 DNH 207
Woods Industries, Inc.,
Test-Rite International Co., Ltd. (U.S.),
Test-Rite International Co., Ltd. (Taiwan),
and Anonymous II, Inc. (formerly
Woods Wire Product, Inc.),
     Defendants


**O R D E R**


     In September of 2001, plaintiff agreed (at least in

principle) to the terms of a settlement with Woods Industries,

Inc., Woods Wire Products, Inc., and Anonymous II, Inc.

Apparently satisfied with that agreement, plaintiff appears to

have decided not to pursue his claims against the remaining

defendants, including Test-Rite International Co., Ltd (Taiwan)

("Test-Rite").  Accordingly, on September 5, 2001, plaintiff's

attorney telephoned a deputy clerk of court to notify her that a

settlement had been reached with some of the defendants and,

because plaintiff was not going to pursue his claims against the remaining defendants, the trial scheduled for the first week in October could be cancelled. Pursuant to Local Rule 41.1, the deputy placed the following entry on the docket:

> Atty. David Johnston from Atty. Ewing's office advised case settled. Agreement for entry of judgment or a stipulation of dismissal to be filed within 30 days or the court will dismiss the case with prejudice. Case settlement deadline 10/5/01.

Docket entry, September 5, 2001.[1]

On September 14, 2001, Attorney Ewing submitted a letter in which he formally advised the court that plaintiff had settled his claims against the various Woods Industries defendants and, therefore, the trial scheduled for October could be removed from the court's calendar. Attorney Ewing also advised that his

---

[1] Local Rule 41.1 provides, "The parties shall promptly inform the clerk when a case settles and within thirty (30) days thereafter file either a signed agreement for the entry of judgment or a stipulation for dismissal. If neither an agreement for judgment nor a stipulation for dismissal is timely filed, the court will dismiss the case with prejudice."

client would submit a stipulation for dismissal once that document had been executed by the appropriate parties. The October 5th deadline referenced in the docket entry passed, but no stipulation for dismissal was submitted. Nevertheless, the court did not enter any order dismissing plaintiff's claims. And, on October 10, 2001, the court granted defendant Woods Industries' partially assented-to motion for leave to file cross claims against the Test-Rite defendants. That same day, the court also granted plaintiff's motion to withdraw counts 2, 3, 4, and 6 of his amended complaint.

Test-Rite now moves the court to: (1) vacate its order of October 10, by which it granted Woods' motion for leave to file cross claims; and (2) dismiss plaintiff's case, in its entirety, with prejudice. In support of its motion to dismiss plaintiff's claims with prejudice, Test-Rite argues that, based upon plaintiff's telephone call to the court, his follow-up letter advising that the scheduled trial could be removed from the court's calendar, and the September 5th docket entry, the case

was "settled" by early September. Moreover, Test-Rite seems to assert that plaintiff's case was (or should have been) dismissed by operation of Local Rule 41.1 on October 5th (i.e., after Woods filed its motion for leave to file cross claims, but before the court granted that motion). Test-Rite is mistaken.

First, Test-Rite does not (nor could it) rely upon any agreement with plaintiff as the basis for its assertion that his claims against it are settled. Test-Rite refused to participate in mediation and is not a party to plaintiff's settlement agreement with Woods. Instead, Test-Rite merely seeks to benefit from plaintiff's settlement with the other defendants and plaintiff's (apparent) decision not to pursue further action against Test-Rite. And, in support of that strategy, it invokes Local Rule 41.1 and the September 5th docket entry.

Importantly, however, neither the court's Local Rules nor the September 5th docket entry are self-executing. Local Rule 41.1 is a case management tool, enacted to assist the court in

4

managing its docket.  The docket entry serves to remind the parties of the terms of that rule and the <u>potential</u> sua sponte consequences should they fail to comply.  Contrary to Test-Rite's suggestion, cases are not "dismissed" or "closed" until the court enters an appropriate order or judgment to that effect.  No such order or judgment has been entered in this case, which remains open and active.  So, to the extent Test-Rite's motion seeks an order dismissing plaintiff's claims with prejudice, it is denied.

However, Test-Rite's motion to vacate the order granting Woods' motion for leave to file cross claims, is granted.  Test-Rite accurately notes that the court granted Woods' motion on October 12, 2001, or two days prior to the expiration of the time within which Test-Rite had to file an objection, taking into account intervening weekends, holidays, and mail rule.  Accordingly, Test-Rite shall be afforded an additional two business days (from Tuesday, November 13, 2001) within which to file an objection to Woods' motion (the court assumes that if Test-Rite intended to oppose that motion, it substantially

5

completed any objection and memorandum it planned to file by October 10, when the order was signed).

The Clerk of Court shall contact counsel for Test-Rite by telephone and inform them that they have until close of business on Thursday, November 15, 2001, to file an objection.

## Conclusion

Test-Rite's motion to vacate the court's order of October 10, 2001, is granted; its motion to dismiss plaintiff's claims with prejudice (document no. 68) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 9, 2001

cc:  Scott A. Ewing, Esq.
     Richard E. Mills, Esq.
     Douglas J. Miller, Esq.
     David L. Weinstein, Esq.

6